UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LIVELY,

        Petitioner,

v.                                            Case Number: 2:10-cv-12110
                                                  Honorable Lawrence P. Zatkoff

TOM BIRKETT,

        Respondent,
_____/

**ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE**

On May 25, 2010, Petitioner Eric Lively filed a *pro se* "Petition for Writ of Habeas Corpus" [dkt. # 1], challenging the constitutionality of his 2008 convictions for possession with intent to deliver or manufacture methamphetamine or ecstasy and possession of marijuana. Pending before the Court is his "Motion for Immediate Release on Personal Recognizance Bond" [dkt. # 17], filed on January 19, 2012. For the reasons set forth below, the Motion is denied.

I.

Petitioner seeks immediate release from custody or release on bail pending disposition of his Habeas Petition. Petitioner's argument in favor of release on bail relies upon Federal Rule of Appellate Procedure 23(c), which provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a

presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).  Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release.  This Court has not granted habeas relief in this case.  Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a Habeas Petition, a petitioner must show a substantial claim of law based on the facts surrounding the Petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)).  "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79.  Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner contends that he has presented substantial claims to the Court and there are exceptional circumstances in his case that make it deserving of special treatment, namely that his counsel was ineffective and did not properly argue his Fourth Amendment claim.  Petitioner also alleges that he does not pose a flight risk.  The Court finds that Petitioner's claims are insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.

Moreover, the Court has not yet had the opportunity to review Respondent's Answer to the Petition and the Rule 5 Materials.  Therefore, it is premature for the Court to order the

immediate release of Petitioner without having had the opportunity to fully review the record. With that, the Court denies Petitioner's request for his immediate release from custody.

Accordingly, IT IS ORDERED that Petitioner's "Motion for Immediate Release on Personal Recognizance Bond" [dkt. # 17] is DENIED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: February 1, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 1, 2012.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290